UNITED STATES of America, Appellee,

v.

James Francis NEELEY, Appellant.

No. 72-2321.

United States Court of Appeals,
Fourth Circuit.

April 9, 1973.

Michael S. Ferguson, Roanoke, Va. [Court-appointed counsel] on brief for appellant.

Leigh B. Hanes, Jr., U. S. Atty., on brief for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

James Francis Neeley appeals from his conviction by a jury of two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) (1972). Neeley complains that the district court erred in admitting the testimony of (1) Betsy Trent, whom he claimed was his wife at the time of his trial and (2) Helen Weiss, whom he claimed was his wife at the time he made statements to her which constituted the basis of her testimony. We find no merit in these assignments of error and therefore affirm.

The *Agreed Statement of Facts In Lieu of Transcript* reveals that Neeley had been married and divorced twice when he married Opal Virginia Palmer on June 15, 1947. *No record of a divorce from this marriage was introduced by the prosecution or Neeley.* Neeley then married Sara Freeman and on July 8, 1970 he married Helen Weiss. The record is silent as to how the marriage to Sara Freeman was terminated, if at all, but the record does show that Helen Weiss had not yet obtained a final divorce from Mr. Weiss at the time of her purported marriage to Neeley. Neeley was probably aware of this fact. Apparently, he simply disregarded his marriage to Helen Weiss, for on January 28, 1971, he married Betsy Trent.

Neeley argues that Betsy Trent should not have been allowed to testify because of the Virginia rule that one spouse cannot testify against the other without consent. Va.Code Ann. § 8–288 (1972). He then argues that Helen Weiss should not have been allowed to testify as to statements he made privately to her while they were married because of Virginia's privileged communications rule. Va.Code Ann. § 8–289 (1957).

These rules operate only where there is a valid marriage. Leigh v. Commonwealth, 192 Va. 583, 66 S.E.2d 586 (1951). Neeley challenges the admission of the government's evidence showing that he married, but failed to divorce, Opal Palmer, and argues that he was entitled to rely on his belief in the validity of his marriage to Helen Weiss. The district court was correct in admitting an exemplified copy of the marriage certificate between Neeley and Opal Palmer, attested to by the clerk of the state court. 28 U.S.C. § 1739 (1966). The district court admitted hearsay testimony concerning Neeley's failure to obtain a divorce from Opal Palmer. Neeley had sufficient notice of the government's intent to call witnesses whose testimony would be inadmissible if he could establish that he had divorced Opal Palmer. He not only failed to introduce evidence of having divorced Opal Palmer, but also on cross-examination admitted he could not remember obtaining a divorce from her. Considering this, and considering the other substantial evidence of Neeley's guilt, we cannot conclude that admission of the hearsay evidence constituted reversible error.

In light of the unchallenged evidence that Opal Palmer still resides at the place of her marital domicile with Neeley, we find his attempt to rely on a presumption of her death after a seven-year absence to be completely frivolous. It was Neeley who was absent, not Opal Palmer.

Since Neeley never divorced Opal Palmer, he could not have entered into a valid marriage with either Helen Weiss

or Betsy Trent after the date of his marriage to Opal Palmer. Thus, he cannot now rely on any exclusionary rules based on the existence of subsequent valid marriages. Leigh v. Commonwealth, supra.

Accordingly, we dispense with oral argument and affirm the judgment of the district court.

Affirmed.