James Francis **NEELEY**

v.

**UNITED STATES of America.**

Civ. A. No. 74-2.

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 20, 1975.

R. Roy Rush, Roanoke, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, District Judge.

James Francis Neeley was convicted by a jury in this Court on July 13, 1972 of two separate offenses of bank robbery. This Court pronounced judgment to be fifteen (15) years for each offense, sentences to run concurrently and to be served in the federal prison in Atlanta, Georgia. Petitioner appealed this verdict directly to the Fourth Circuit Court of Appeals alleging that testimony of his former and current wives should have been excluded under Virginia statutory rules. The Fourth Circuit held that where the defendant never divorced his third wife, he could not rely on an exclusionary rule with respect to testimony of his purported fifth or sixth wives.

Petitioner then brought this action requesting this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner alleged the following errors in his trial: (1) prejudicial consolidation of two bank robbery prosecutions, (2) the witnesses did not clarify which robbery their testimony referred to, (3) pictures taken during the course of one robbery were not introduced at trial, (4) an eyewitness identification was tainted by a suggestive pretrial viewing of the petitioner, (5) the Court should have instructed the jury concerning aiding and abetting, (6) two ten-dollar bills should not have been admitted into evidence, (7) the U. S. Attorney was permitted to make slanderous remarks to the jury, (8) the Court erred by not questioning a witness, (9) the Court erred by not presenting to the jury the results of a lineup.

This Court declined to address itself to the merits of these contentions, concluding instead that these issues had been decided previously and thus, the petition was successive. Petitioner appealed this ruling to the Fourth Circuit which reversed and vacated this judgment and remanded the case for consideration on the merits.

Following this, new counsel for petitioner filed an amended petition to be considered by this Court. Some of the grounds in this petition are new, while others represent consolidated or revised versions of some of the old claims. These claims, which under the mandate of the Fourth Circuit this Court will consider on their merits, are as follows: (1) defendant's rights were prejudiced by consolidation of separate bank robbery offenses, (2) the indictments were duplicitous and therefore defective, (3) favorable evidence was withheld by the prosecution, (4) improper and inadmissible evidence was introduced, (5) the Court failed to admonish the jury that they should disregard evidence which had been ruled inadmissible, (6) the exhibits were not shown to the jury as they were introduced, (7) a stipulation should not have been allowed to be filed containing the purported evidence of one witness and the testimony of an eyewitness to one of the robberies should not have been withheld from the jury, (8) the results of a pretrial lineup were improperly withheld from the jury, (9) a picture of a man implicated in the second robbery was admitted, but no witnesses to the robbery were asked to identify him, (10) two guns admitted into evidence were the products of an illegal search and seizure, (11) testimony of defendant's wife should not have been admitted into evidence, (12) the United States Attorney

was permitted to make slanderous remarks in his arguments, (13) hearsay evidence was permitted to be introduced, (14) petitioner was prejudiced by waiver of his right of arraignment when he was not aware of its meaning.

■ Before considering petitioner's numerous complaints, this Court feels compelled to state its opinion as to the scope of relief under a § 2255 motion. A motion to vacate sentence pursuant to § 2255 is the parallel section to federal habeas corpus relief for state prisoners under § 2254. Consistent with this uniformity, the Supreme Court has held that § 2255 affords federal prisoners on opportunity to raise errors of constitutional dimension going to the fundamental fairness of the trial, *Kaufman v. U. S.*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1968) and errors violative of the laws of the United States where the claimed error is a fundamental defect which inherently results in a complete miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). However, § 2255 does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal. *Sunal v. Large*, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The rationale for this is that mere errors of law are not constitutional deficiencies and collateral attack historically has not served as another appellate forum, but merely to assure that defendants are not convicted in contravention of the supreme law of the land. For this reason, this Court dismisses certain of petitioner's claims which fail on their face to meet the status required by the Supreme Court. For each of these claims, the Court is convinced that no interpretation of the underlying facts could result in a claim of constitutional dimension or a violation of the laws of the United States.

■ Among these claims are the following:

1. Petitioner's claim of prejudicial consolidation, cf., *Cardarella v. United States*, 351 F.2d 443 (8th Cir. 1965), cert. denied, 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534 (1966). Indeed, it appears counsel stipulated that these two separate offenses should be consolidated for trial.

2. Petitioner's claim of duplicitous indictments, *Link v. United States*, 352 F.2d 207 (8th Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966).

3. Petitioner's claim that inadmissible evidence was introduced against him, *Sunal, supra*, 332 U.S. at 177, 67 S.Ct. 1588. These particular claims do not involve evidentiary rulings on search and seizure issues. These would be cognizable claims.

4. Petitioner's claim that the Court failed to admonish the jury that they should disregard evidence ruled inadmissible. *Meyers v. Welch*, 179 F.2d 707, 709 (4th Cir. 1950). Furthermore, the jury knew that the objections had been sustained and could fairly imply the evidence was therefore not admitted.

5. Petitioner's claim that exhibits were not shown to the jury as they were introduced. This was a matter that could have been objected to at the time of its occurrence but no objection was made. Furthermore, the jury had these exhibits with them at all times during their deliberations.

6. Petitioner's claim that it was error to permit the filing of a stipulation of the testimony of Charlotte Halcomb and to withhold the testimony of another eyewitness. By definitions stipulated matters are those matters agreed upon at trial. § 2255 does not serve as a mechanism for parties to reverse freely made prior deci-

sions. In the same light, petitioner could have called this eyewitness as his own witness or an adverse witness if he thought he could elicit testimony helpful to his case.

7. Petitioner's claim that it was error to admit the picture of Paul Shaver, the man who allegedly helped petitioner in the second robbery, without eliciting any identification of him as being a robber, *Glouser v. United States*, 296 F.2d 853 (8th Cir., 1961). Furthermore, this Court does not perceive why the failure to identify Shaver should warrant relief to Neeley. Also, petitioner's counsel was free to call for such identity but chose not to do so.

8. Petitioner's claim that all of the testimony of Betsy Neeley should have been excluded because it was privileged, *Sunal*, supra, 332 U.S. at 177, 67 S.Ct. 1588. Besides, this issue has already been resolved against petitioner on direct appeal to the Fourth Circuit. *U. S. v. Neeley*, 475 F.2d 1136 (4th Cir., 1973).

9. Petitioner's claim that the United States Attorney was permitted to make prejudicial remarks in his opening and closing statements, *Holt v. United States*, 303 F.2d 791 (8th Cir., 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963).

10. Petitioner's claim that hearsay evidence was permitted to be introduced, *Sunal*, supra, 332 U.S. at 177, 67 S.Ct. 1588.

11. Petitioner's claim that he waived his right to arraignment when he was unaware of its meaning, cf. *Hurst v. United States*, 180 F.2d 835 (10th Cir., 1950). Furthermore, counsel for defendant positively stated that the defense wished to waive arraignment, and there was no indication of objection to this at the time. Transcript, p. 4.

■ Having held these claims not to be cognizable within the scope of § 2255, this Court will now proceed to discuss those which conceivably could reach the status of a cognizable claim. The first of these is that the prosecution withheld evidence that was favorable to defendant or could have been favorable. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However upon examination of the facts alleged, it can be seen that petitioner's real objection here is not that the prosecutor didn't make such evidence available to the defense, but rather that it chose not to introduce certain evidence or when it did introduce certain evidence the jury didn't get a chance to inspect it until its deliberations. These very same types of objections were made in numbers four and five above and found to be not cognizable under § 2255. For the same reasons, this Court overrules the objections here.

■ Petitioner's second claim that is cognizable on its face is that the results of a pretrial lineup were covered up by the prosecution. Petitioner charges that he consented to this lineup with the understanding that the results would be disclosed at trial. Here again though, petitioner does not allege that this evidence was kept from him. Petitioner had access to the results of this lineup and was free to question any witness concerning it, but chose not to do so. Given these facts, this claim also becomes one that is not of constitutional status or violative of the fundamental fairness guaranteed by the laws of the United States.

■ Petitioner's third allegation is that the guns and ammunition introduced into evidence were the results of an unlawful search and seizure. This claim is totally unfounded considering its underlying facts. The transcript of this case reveals that Neeley's son-in-law turned these items over to the FBI voluntarily. Transcript, p. 148. There clearly was no search or seizure.

For the above stated reasons, this Court finds no claim that would warrant

relief under § 2255. This Court takes note of the fact that in petitioner's original motion, he alleged four additional grounds for relief. These claims are as follows:

1. The witnesses didn't clarify which robbery their testimony referred to.

2. An eyewitness identification was tainted by a suggestive pretrial viewing of the petitioner.

3. The Court should have instructed the jury concerning aiding and abetting.

4. Two ten dollar bills should not have been admitted into evidence.

These claims were not raised in the amended petition, but since they were certified by the Fourth Circuit to be considered on their merits, this Court will do so.

■■■ For similar reasons to those stated previously, the Court is of the opinion that only the second of these grounds states a cognizable claim. The first of these claims is simply not borne out by a review of the transcript. Transcript, pgs. 26, 33, 39, 52, 55. The third and fourth are sufficiently controlled by the Supreme Court's holding in *Sunal*, supra, 332 U.S. at 177, 67 S.Ct. 1588.

■■■ The second of these contentions stems from a viewing in the hallway before the trial by Kathryn Metcalf. Petitioner contends that because she saw him handcuffed between two U. S. Marshals that her in-court identification of him should have been suppressed as the result of a suggestive showup. This Court does not agree that these facts if proved would state a constitutional claim.

There was no unnecessary suggestiveness in this observation of defendant because the meeting was happenstance. The witness had not been told that the defendant was going to be present nor was there any purposeful attempt by law-enforcement authorities to establish a pretrial identification. See *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The fact that the witness accidentally saw the defendant before trial is no more suggestive than actually seeing the suspect sitting at the defendant's table during the trial.

■■■ Moreover, even if there was a taint, two factors in the case at hand would dilute it. First, the witness did have a confrontation with the defendant during the robbery at the bank which provided a valid independent source. *United States v. Sauls*, 520 F.2d 568 (4th Cir., 1975). Apparently there also was a lineup at which the witness was present, but the record and court papers are unclear as to whether an identification was made at that time. Because of this vagueness, this Court hesitates to rely on this ground. Furthermore though, this Court is convinced that even if the evidence here was ruled inadmissible, still it would be harmless error as the defendant's conviction rested solidly on other grounds. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). These grounds included testimony by defendant's present and former wives as to statements defendant made concerning the crimes, evidence introduced of the weapons used, and certain of the bait money defendant allegedly passed.

For these reasons then, this Court concludes defendant has stated no claim that would warrant a plenary hearing into the grievances charged. Accordingly, this action is hereby ordered dismissed. This case is to be stricken from the docket. The Clerk of the Court is ordered to send a certified copy of this opinion to petitioner and counsel for respondent.