**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**William Eddie GRAVITT, Ronnie Wayne Gravitt and Sandy Gravitt,**
**Defendants-Appellants.**

**No. 76–3957.**

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1979.

---

Bruce H. Morris, Atlanta, Ga., (Court-Appointed), for W. Gravitt.

William V. Hall, Jr., Decatur, Ga., for R. Gravitt and S. Gravitt.

William L. Harper, U. S. Atty., Steven W. Ludwick, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JONES, GODBOLD and GEE, Circuit Judges.

JONES, Circuit Judge:

A robbery of the Habersham Bank in Baldwin, Georgia, on September 19, 1974, occasioned the indictment, pleas, trials, convictions and appeals here considered. The indictment named as defendants William Eddie Gravitt, known as Eddie, his girfriend, Charlotte Ann Streeton, his brother, Ronnie Wayne Gravitt, Ronnie's wife, Sandy Gravitt, and Charles Gary. Count I charged Eddie Gravitt, Charles Gary and Charlotte Ann Streeton with conspiracy to commit bank robbery; Count II charged Eddie Gravitt and Gary with bank robbery putting in jeopardy the lives of others; Count III made the charge of accessory after the fact of bank robbery against Charlotte Ann Streeton; Count IV charged Ronnie and Sandy Gravitt with misprision of the felony of bank robbery; Count V charged Ronnie Wayne Gravitt and Sandy Gravitt with possession of $106,000 stolen in the bank robbery; and Count VI charged Ronnie Wayne Gravitt with the possession of $6,000 of stolen money.

William Eddie Gravitt, Charles Gary, Ronnie Wayne Gravitt and Sandy Gravitt were convicted and appealed their convic-

tions. While the appeal was pending Charles Gary became a fugitive and his appeal was dismissed. The conviction of Sandy Gravitt was reversed by this Court. The appeals of Eddie Gravitt and Ronnie Gravitt remain for decision.

On March 13, 1976, William Eddie Gravitt was serving a life sentence of the State of Georgia in a Georgia prison at Macon in that state. On that date he was taken into custody by Federal officers pursuant to a writ of habeas corpus ad prosequendum. After arraignment in this cause and on another indictment he was returned to state custody in Macon. He was again brought to Atlanta for a trial and acquittal on the other indictment and thereafter for trial before the district court in this cause. The trial of this cause commenced on September 20, 1976. The appellant, Eddie Gravitt, has urged that the Interstate Agreement on Detainers Act, 18 U.S.C. App. pp. 1395–1398, requires the entry of a judgment of acquittal because the trial, which resulted in his conviction, was not commenced within the period specified by the statute. The United States and the State of Georgia are parties to the Agreement.

■ The Agreement provides a procedure permitting a prisoner against whom a detainer has been lodged to require a trial upon those charged within a prescribed period:

"In respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

The Agreement also provides that:

"If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter ˮan order dismissing the same with prejudice."

The appellant Eddie Gravitt urged by his brief and at oral argument the Agreement was the sole method of procuring the extradition of prisoners and that, since his trial was not commenced within the period of the Agreement he must be acquitted. After the submission of the appeal the Supreme Court announced the principle that where, as in this case, no detainer had been lodged, the obtaining of custody of a state prisoner by the United States does not invoke the operation of the Agreement. *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). The cited case is controlling here and the question is resolved against the appellant.

■ Charles Gary, a defendant whose appeal has been dismissed, was arrested in Kansas City, Missouri by a police officer of that city. At the trial of this cause the arresting officer testified, over objection, that when Gary was arrested he blurted out, "They will never make me on ·those bank robberies." The motions of Eddie Gravitt for a severance and mistrial were denied. Gary did not testify. Eddie Gravitt urges that it was error to admit and he was prejudiced by the statement of Gary. To support this contention of prejudicial error reliance is placed, primarily, upon *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. The reliance upon *Bruton* is misplaced. In *Bruton* the statement expressly implicated the co-defendant. The statement of Gary made no reference to any other person implicated in the bank robberies. The statement was not prejudicial to Eddie Gravitt.

■ After the robbery the participants changed clothing and put the coveralls worn in the robbery, guns and the money taken from the bank in a duffel bag which was hidden in the woods not far from the bank. Later Ronnie Wayne Gravitt drove the robbers to the place where the duffel bag had been hidden so that it could be retrieved. The indictment charged that he, having knowledge of the robbery, did conceal the crime by aiding and abetting others in the recovery of the money stolen

from the bank, and did not make known the commission of the crimes to a judge or other officer in violation of 18 U.S.C.A. § 4 which provides:

"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both."

Ronnie Wayne Gravitt contends that there was no evidence to permit a determination that he took any affirmative action to conceal the crime. Ronnie Wayne Gravitt took his car, with his wife, his baby and a boat as camouflage, and two of the three robbers to the place where the duffel bag with clothing, guns and money had been stashed. After the bag and its contents had been retrieved, he returned to the apartment where the loot was divided. In so doing he took affirmative action to conceal the crime. *United States v. King*, 9th Cir. 1968, 402 F.2d 694; *United States v. Pittman*, 4th Cir. 1975, 527 F.2d 444, cert. den. 424 U.S. 923, 96 S.Ct. 1132, 47 L.Ed.2d 331 (1976). The statutory requirement of affirmative action was met.

Count V of the indictment charged Ronnie Wayne Gravitt with the possession of $106,000, the money stolen from the bank. During the time the money, in the duffel bag, was in his car, driven by him from the place in the woods where it was picked up, he was in the possession of it although such possession was a joint possession of it although such possession was a joint possession with others. See *United States v. McCarthy*, 2d Cir. 1972, 473 F.2d 300.

The judgment of conviction and sentences of the district court are

AFFIRMED.