**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Tommy BOGGS, Defendant-Appellant.**

**No. 79–2707**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 3, 1980.

J. Richard Young, Federal Public Defender, Atlanta, Ga., for defendant-appellant.

Julie E. Carnes, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

In July 1974, Tommy Boggs, who was serving a six to ten year sentence in the North Carolina State Prison, was indicted in the United States District Court for the Northern District of Georgia for the interstate transportation of a stolen motor vehicle. A detainer had been lodged against Boggs, apparently by that federal district, in February 1974. The Georgia U. S. Attorney's office issued a writ of habeas corpus ad prosequendum directing the North Carolina prison officials to allow Boggs to be

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

brought to Gainesville, Georgia, for arraignment. The court granted the writ on August 14. On the same day, however, the Raleigh, North Carolina, U. S. Attorney's office informed the Georgia U. S. Attorney's office that Boggs wished to dispose of the Georgia indictment pursuant to Federal Rule of Criminal Procedure 20, which would allow Boggs to plead guilty and be sentenced in North Carolina if the U. S. Attorneys from both districts agreed to the arrangement. The Georgia U. S. Attorney's office agreed and sent copies of the indictment and case report to the North Carolina U. S. Attorney on August 22.

Boggs was nevertheless transported to Georgia under the writ of habeas corpus ad prosequendum. On September 3, 1974, he appeared before the district judge for arraignment and, after conferring with appointed counsel, requested that he be permitted to return to North Carolina to plead guilty under Rule 20. The trial court granted Boggs' request and continued the case. Boggs was returned to the North Carolina prison officials on October 23.

In a December 10, 1974, letter to the Georgia U. S. Attorney, Boggs stated, "I have declined to plead guilty under [Rule 20], however, . . . I am willing to enter a plea of guilty but only in the U. S. District Court for the Northern District of Georgia . . . . Due to several personal and legal reasons, if I am to enter the guilty plea, I must do so before January 30, 197[5]." Boggs subsequently wrote to the Georgia trial judge indicating that he no longer wished to plead guilty.

On January 2, 1975, a second writ of habeas corpus ad prosequendum was issued from the Northern District of Georgia. Boggs appeared before the court in Gainesville, Georgia, on January 10, 1975, and pleaded not guilty. Boggs was tried and, on February 20, 1975, was convicted by a jury. His conviction was affirmed by this court on appeal in a Rule 21 unpublished opinion, *United States v. Boggs*, No. 75–2238 (5th Cir. Nov. 18, 1975).

Boggs filed a 28 U.S.C. § 2255 motion to vacate his sentence on August 29, 1978, claiming that the Interstate Agreement on Detainers, 18 U.S.C. app., had been violated. Boggs had not raised that contention in his direct appeal. After conducting an evidentiary hearing and taking testimony, the federal magistrate recommended that the motion to vacate sentence be denied. The district court approved and adopted the report and recommendation of the magistrate. We affirm.

Boggs argues that when he was returned to North Carolina without resolution of the charges pending against him the following provision of the Interstate Agreement on Detainers (IAD) was violated:[1]

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. app. § 2, art. IV(e). He also claims that the IAD, 18 U.S.C. app. § 2, art. IV(c), was violated when he was not tried within 120 days of his initial arrival in Georgia. In *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978), the United States Supreme Court held that, although a writ of habeas corpus ad prosequendum was not a detainer for purposes of the IAD, the federal government was required to comply with the IAD when a detainer was filed with state officials and the writ was subsequently used to obtain the prisoner's presence. *Id.* at 359–61, 361–64, 98 S.Ct. at 1846–1848, 1847–1849. We need not decide whether *Mauro* should be applied retroactively, however. *See generally United States v. Gravitt*, 590 F.2d 123 (5th Cir. 1979). Even if the federal government were required to comply with the IAD in this case, Boggs would not be entitled to relief.

---

1. We do not decide whether a prisoner can object in a section 2255 petition to an alleged violation of the IAD.

Boggs created the situation that violated the IAD, by initiating his transfer from Georgia to North Carolina, then refusing to carry out his expressed desire to plead guilty under Rule 20. As the district court observed, "[P]etitioner cannot by his own action manufacture a violation of the [IAD] and then seek relief under it." Boggs also did not present the question whether the IAD was violated during his direct appeal or at any time before his section 2255 motion to vacate his sentence. *See United States v. Scallion*, 548 F.2d 1168, 1174 (5th Cir. 1977), *cert. denied*, 436 U.S. 943, 98 S.Ct. 2844, 56 L.Ed.2d 784 (1978). Like the district court, therefore, we find that Boggs waived his rights under the IAD. *See generally United States v. Eaddy*, 595 F.2d 341, 344 (6th Cir. 1979); *Camp v. United States*, 587 F.2d 397, 399–400 (8th Cir. 1978).

Boggs also contends that the district court erred in failing to conduct a *de novo* evidentiary hearing on his section 2255 claims. Because the district judge who dismissed Boggs' motion under section 2255 was the same district judge before whom Boggs had appeared in September 1974, he was familiar with Boggs' situation. Boggs does not deny that he agreed to return to North Carolina so that he could dispose of the indictment under Rule 20. We therefore find this contention to be without merit.

AFFIRMED.