**UNITED STATES of America, Plaintiff,**

v.

**James Lynn SHOPE, Defendant.**

**No. CR 80–69.**

United States District Court,
N. D. Ohio, W. D.

March 17, 1981.

Frederick H. McDonald, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

Alan S. Konop, Toledo, Ohio, for defendant.

## AMENDED MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

The defendant was one of a number of individuals who was charged with serious offenses in connection with the counterfeiting and passing of counterfeit. The actual counterfeiting was done in the Eastern Division of the Northern District of Ohio, and

the two counterfeiters were indicted, pled guilty, and were sentenced in that Division.

The counterfeiting scheme was discovered in the Western Division of the District, and the investigation which started here with the defendant Shope and others ultimately led to the apprehension of the two individuals who planned and executed the actual counterfeiting. In this Court's experience, it is rather unusual for large-scale counterfeiters actually to get caught. Ordinarily, only those who distribute or pass the counterfeit money end up in court.

At the time that the Western Division defendants appeared for sentencing, it appeared to this Court that proper sentencing practices would mandate sentences of varying severity, with the heaviest penalties being imposed upon the participants whose involvement was the most serious and extensive.

Counterfeiting is a crime involving the highest degree of criminal intent. .A counterfeiter must have skill, knowledge, and equipment in order to produce acceptable merchandise. There is no question of an accident of circumstance, or a sudden, spur-of-the-moment, yielding to temptation. The crime only results from a carefully calculated intention to violate the law in order to make a profit, or acquire wealth easily. It is also a crime that hurts the most those who can least afford to bear the burden—the filling station attendant, the grocery check-out girl, the proprietor of a "mom and pop" store—those are the ones who really suffer when the twenty-dollar bill they took in good faith is charged back to them. It is not necessary to have physical violence to inflict real and severe pain. Suffering of the mind and spirit is no less agonizing than that of the flesh.

■ It would seem obvious, therefore, that when the actual printer of the counterfeit is before a court for sentencing, by every sound principle of sentencing, a substantial term of imprisonment should be imposed, no matter how good his prior record, or how elevated his standing in his community. Considerations of deterrence, both directly and by example, demand incarceration.

■ In this case, as noted, the major offenders were not before this Court, and had not been sentenced before the defendants in this Court appeared for sentencing. Having in mind the whole picture of the group of related cases, this Court imposed sentences on the offenders before it, graduated in severity, but all less severe than what seemed to this Court would be condign punishment for the two major malefactors. The sentence imposed on this defendant was one of imprisonment for eighteen months, with parole eligibility under 18 U.S.C. § 4205(b)(2). The defendant Irving Simonis, Case No. CR 80–73, received a sentence of three years imprisonment, plus a concurrent sentence of one year imprisonment on the related firearms charge. The defendant James Poston, Case No. CR 80–70 was given a split sentence of three years with six months imprisonment and the remainder of the sentence suspended, with three years probation. The other defendants before this Court, Glenn Richard Shope, Case No. CR 80–68, Howard Jack Edwards, Case No. CR 80–71, and Alicia Denise Jordan, Case No. CR 80–72, were all granted probation. The two principal defendants, Peter Reeve and Thomas Tridico, who, had they been before this Court would have received sentences of five years imprisonment with parole eligibility under Title 18 U.S.C. § 4205(b)(2), were in fact given split sentences of three years with two months to be served in a jail type institution and the balance of the imprisonment suspended with thirty-four months probation. These sentences were later reduced to one month in jail and thirty-five months probation.

This Court has often said, both orally and in published writings, that the idea of disparity of sentencing is a myth; that actually violators of any particular statute do not receive disparate sentences, even though the severity of the sentences varies, because no two offenders are ever identical, and usually the circumstances of the offenses are not identical either. Identity is the basic element of disparity. However, the

unfortunate situation presented by this case and its companion cases does show a disparity of sentencing which must be recognized by anyone with the slightest sense of fairness or justice. The defendant James Lynn Shope, who played only a minor role in the counterfeiting scheme, has to date served a longer sentence of imprisonment than did the principal defendants who orchestrated the criminal operation. This may well be the exception that proves the rule. In almost twenty-nine years on the trial bench, and much study of the subject of sentencing, I can recall nothing like this. It has been a most troubling experience.

Obviously, constitutional considerations would preclude any increase of the sentences of the two Eastern Division defendants, even if they were within this Court's jurisdiction. The only alternative is to reduce the sentences of those defendants, including the defendant in this case, who were sentenced by this Court.

The motion of this defendant for reduction of sentence is granted, and his sentence is reduced to imprisonment for one year, and on consideration that he serve the term he has served up to the date of this order, the remainder of his sentence will be suspended, and the defendant placed on probation for two years.

THEREFORE, for the reasons stated, good cause therefor appearing, it is

ORDERED that the motion of the defendant for reduction of sentence be, and it hereby is, GRANTED; and it is

FURTHER ORDERED that the period of imprisonment heretofore imposed be reduced to one year, including the time already served; and it is

FURTHER ORDERED that on condition of the time having already been served, the execution of the remainder of the sentence of imprisonment be suspended, and the defendant be placed on probation for a period of two years, upon the standard conditions of probation; and it is

FURTHER ORDERED that this amended memorandum and order be effective as of the date of the original March 13, 1981 memorandum and order.

IT IS SO ORDERED.