**Douglas FARMER**

v.

**UNITED STATES of America.**

**Civ. No. Y-88-3724.**
**Crim. No. Y-86-0158.**

United States District Court,
D. Maryland.

May 24, 1990.

Douglas Farmer, pro se.

Breckinridge L. Willcox, U.S. Atty. for the State of Md., and William K. Meyer, Asst. U.S. Atty., Baltimore, Md., for U.S.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Petitioner *pro se*, Douglas Farmer, aka Dee Farmer, filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and for equitable relief pursuant to 42 U.S.C. § 1983. Petitioner's mo-

tion, supplemental motion, and the government's answer are before the Court.

On June 19, 1986, pursuant to a plea of guilty entered on May 23, 1986, Farmer was sentenced on a Superceding Indictment to a term of five (5) years imprisonment as to Count I (conspiracy to commit access device fraud, 18 U.S.C. § 371, aiding and abetting, 18 U.S.C. § 2), and fifteen (15) years imprisonment as to Count III (access device fraud, 18 U.S.C. 1029(a)(1)), consecutively. Count II was dismissed pursuant to the plea agreement.

Farmer did not raise an objection at the time of sentencing or appeal the sentences within the time period prescribed under Fed.R.App.P. 4(b), nor did he request leave to appeal or seek any other post-judgment relief for a period of two and a half years prior to filing the instant motion to vacate.

Farmer now seeks equitable relief from the sentences for an alleged violation of his due process rights under the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C. Appx. In addition, Farmer raises seven (7) grounds for collateral attack pursuant to § 2255. These grounds are: (1) vague indictment; (2) misinformation of the maximum penalty; (3) disparity of sentencing; (4) improper inducement of guilty plea; (5) violation of the plea agreement; (6) improper consideration of an alleged criminal offense at sentencing; and (7) inaccurate information in the pre-sentencing investigation and report.

## I. *Interstate Agreement on Detainers Act.*

█ Petitioner contends that his rights under the Interstate Agreement on Detainers Act ("IADA") were violated when U.S. Marshals filed a detainer in the Baltimore County Detention Center and subsequently removed him from state custody on three occasions without proceeding to trial. Peti-

tioner argues that such actions violated Article IV(e) of the Act which provides:

(e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment ... such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. Appx. Art. IV(e).

Petitioner offers no evidence in support of his contentions and the record is far from clear regarding the circumstances surrounding the implementation of the federal detainer. However, even if the evidence were to support a finding of violation of the IADA, Petitioner clearly waived his rights under the Act by failing to raise the issue on direct appeal or at any time prior to the motion to vacate. *United States v. Boggs*, 612 F.2d 991 (5th Cir.) *cert. denied* 449 U.S. 857, 101 S.Ct. 156, 66 L.Ed.2d 72 (1980).

Petitioner's affirmative acts of negotiating and entering a guilty plea in the federal proceedings also constitute a waiver of any rights that he may otherwise have under the IADA. *United States v. Oldaker*, 823 F.2d 778 (4th Cir.1987); *Camp v. United States*, 587 F.2d 397 (8th Cir.1978); *Williams v. Maryland*, 445 F.Supp. 1216 (D.C.Md.1978). Accordingly, it is unnecessary to determine whether the detainer or the manner of its execution prejudiced the Petitioner. The motion for relief based on the IADA must be denied.

## II. *Motion Under 28 U.S.C. § 2255.*

The remaining grounds asserted by Petitioner constitute collateral challenges to the judgment and sentences pursuant to 28 U.S.C. § 2255. The errors asserted by Petitioner are neither jurisdictional nor constitutional.[1] Therefore, the Court must deter-

---

**1.** The fourth ground ("disparity of sentencing") and the sixth ground ("improper consideration of an alleged criminal offense at sentencing") are framed in constitutional terms. However, in the context of a guilty plea and given the wide scope of judicial discretion inherent in the sentencing process, the Court concludes that, at

most, these allegations pertain to errors of law rather than "errors of constitutional dimension going to the fundamental fairness of the trial" *Neeley v. United States*, 405 F.Supp. 1186 (W.D. Va.1975) (citing, *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1968));

mine whether the alleged errors of law are properly subject to collateral attack in the context of a § 2255 motion. *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

In considering the availability of § 2255 collateral relief, courts repeatedly have held that "habeas corpus will not be allowed to do service for an appeal" *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947); *Terry v. Peyton,* 433 F.2d 1016, 1020 (4th Cir.1970); *Eisner v. United States,* 351 F.2d 55 (6th Cir.1965); *Meyers v. Welch,* 179 F.2d 707, 709 (4th Cir.1950).

Where the grounds asserted were known to the petitioner, but not raised on direct appeal, the Supreme Court has determined that collateral review is inappropriate absent "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent". *Hill v. United States,* 368 U.S. 424, 438, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

More recently, the Supreme Court determined that the reasoning in *Hill* is equally applicable to alleged technical violations in the rules governing the taking of guilty pleas. *United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). Specifically, the Court held that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id.* Therefore, the Court must determine whether exceptional circumstances exist in this case.

■ As his second ground for relief, Petitioner asserts that the allegations contained in the Superceding Indictment fail to satisfy the definiteness requirement of Fed.R.Crim.P. 7(c)(1) with regard to the "aiding and abetting" charge. 18 U.S.C. § 2. Rule 7 provides, *inter alia* that:

> [t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.

*Id.*

Having reviewed the allegations contained in the Superceding Indictment in light of Rule 7 and the applicable case law, the Court concludes that there is no lack of definiteness regarding the aiding and abetting charge. The charges set forth clear and concise allegations of criminal activity involving a high degree of cooperation and organization between Petitioner and his co-defendants pursuant to a common criminal purpose. These allegations satisfy the basic elements of aiding and abetting and are precisely the type of "plain, concise and definite" statement of facts contemplated under the requirements of Rule 7. *See United States v. Masson,* 582 F.2d 961 (5th Cir.1978).

■ Petitioner next contends that he was misinformed as to the maximum penalty for Count I (the conspiracy charge) to which he pled guilty in violation of his rights under Fed.R.Crim.P. 11. This contention lacks merit. The maximum penalty for a conspiracy relating to a violation of 18 U.S.C. § 1029(a)(2) is one-half the ten (10) year maximum imprisonment under the substantive offense, *i.e.,* five (5) years. 18 U.S.C. § 1029(c)(1). Petitioner concedes that he was advised of a five (5) year maximum exposure as to Count I. Motion to Vacate, at 8. The sentence under Count I was for precisely such a five year term. This sentence was considered the maximum term for the offense charged and there is no indication on the record that Petitioner could have been subject to a greater term of imprisonment.

■ As his fourth ground, Petitioner asserts a disparity of sentencing between himself and co-defendants in violation of his constitutional rights. However, Petitioner does not claim that his sentence exceeded the statutory limits prescribed under 18 U.S.C. § 1029.

A review of the Indictment and presentence report discloses circumstances unique to Petitioner, (including a prior criminal record and allegations of Petitioner's illegal activities while incarcerated), which justify the differential in sentencing severity within the permissible range. *See United*

*see Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

*States v. Shope,* 509 F.Supp. 1170, 1171 (N.D.Ohio 1981). Thus, the Court finds no unjustified or improper disparity.

■ The final three grounds consist of alleged procedural violations in the taking of the guilty plea and the manner of sentencing. Specifically, Defendant asserts that he was improperly induced to plead guilty as a result of statements made by the state trial judge presiding in a separate trial of defendant in Baltimore County. Defendant contends that the state trial judge advised him that he "is very interested in what [the federal] Court does in its sentencing and he intends to sentence [Defendant] following sentencing in [the federal] Court." Transcript of Rearraignment on May 23, 1986, at 13.

Defendant's contention of improper inducement is contradicted by his own statements made during the taking of his guilty plea. After questioning Defendant regarding his understanding of the terms of the plea agreement, the Court asked:

Q. Other than what I have referred to, is there anything else anybody has said they would do for you or on your behalf in exchange for your plea of guilty?

A. No, there isn't.

Without claiming any improper inducement, defense counsel then "informed" the Court of the statement made by the Judge in the Baltimore County proceeding. The Court then asked Defendant:

Q. You understand that the sentencing in this Court will be entirely separate of course from whatever occurs in Baltimore County?

A. I do.

Transcript, at 13. The Court concludes on the basis of this record that Defendant was afforded full opportunity to disclose any improper inducement at the time of the guilty plea, and that by his representations in response to specific questioning by the Court, Defendant waived any improper inducement claim.

■ Defendant next contends that the Court improperly considered evidence of a possible criminal offense committed by Defendant subsequent to the indictment. This evidence consists of a letter submitted by the government during the sentencing proceeding allegedly written by Defendant to one Stephanie Covington instructing her as to the disposition of twelve thousand dollars ($12,000) worth of goods fraudulently charged during his detention. Defendant asserts that the Court erred by failing to rule on the admissibility of the letter. However, no objection or request for an evidentiary ruling regarding the letter was raised by either Defendant or his counsel. *See* Transcript of Sentencing on June 19, 1986, at 7–13.

In *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Supreme Court held that a trial judge in the federal system generally has wide discretion in determining what sentence to impose (within statutory guidelines) and that in exercising that discretion, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Tucker, supra,* at 446, 92 S.Ct., at 591. However, such "informed discretion" is exceeded when sentence is imposed on the basis of misinformation of constitutional magnitude. *Id.* at 447, 92 S.Ct. at 591.

Evidence of possible criminal activity during pretrial detention is clearly within the broad range of information which properly may be considered by the sentencing judge. No due process rights are infringed by consideration of such evidence provided the alleged criminal activity is not represented to, or considered by, the Court as proven in fact.

In this case, the Court was informed that the allegations of post-detention criminal conduct were under consideration by the government for purposes of indictment. Transcript, at 6. Thus, the Court was aware that the allegations had not been proven and should not be afforded the same weight, for purposes of sentencing, as for example, a prior conviction. Under these circumstances, the evidence was properly considered.

Defendant's final challenge is based on alleged erroneous information contained in the presentence report.[2] As with the information contained in the letter to Ms. Covington, Defendant was afforded a full opportunity to challenge the factual basis of this information and failed to so much as suggest that the information was inaccurate at the time of the sentencing. Instead, defense counsel conceded that "Douglas Farmer, as the P.S.I. would indicate, has an extensive history of just this type of crime and it goes back for a number of years." Transcript, at 9.

It is unnecessary to review in detail the relative weight afforded each of the allegations or statements regarding the Defendant's prior criminal activity in arriving at the sentence imposed. For purposes of arriving at a fair sentence, it is sufficient that Defendant was afforded a contemporaneous opportunity to review the content of the pre-sentence report and controvert or object to any perceived inaccuracies. Absent evidence that the Court was deliberately misled by inaccurate information, there are no exceptional circumstances that would justify collateral relief from the sentence imposed.[3]

III. *Conclusion.*

Upon review of the record in light of the contentions raised by Petitioner, the Court concludes that Petitioner waived the "trial-before-return" provision of the IADA and that the asserted grounds for § 2255 relief are neither jurisdictional nor constitutional in magnitude. The Court further concludes that Petitioner's contentions regarding sufficiency of the Indictment, information regarding maximum sentence and disparity of sentencing are factually and legally without merit.

The remaining alleged violations were obviously known to Petitioner prior to the expiration of time for direct appeal and no cause has been shown for his failure to appeal or seek leave to appeal for two and a half years preceding the motion to vacate. Finding a lack of exceptional circumstances that would otherwise justify collateral relief, the Court concludes that such relief is inappropriate under the circumstances of this case. Petitioner's motion will be denied.

---

2. Specifically, Defendant challenges the accuracy of reports of alleged fraudulent transactions through which he sent a dozen balloons to the Secret Service; ordered a $355.00 necklace on April 15, 1986; ordered $2,000.00 worth of clothing on April 16, 1986; and ordered jewlery worth $8,900.00 from one Daniel Dent; In addition, Defendant challenges statements that he headed a criminal organization for three years which netted between $2,500.00 and $4,500.00 a day, and statements in the report advising

against placing him in a half-way house due to his sexual status. Defendant's brief, at 16–17.

3. The Court further concludes that Petitioner has failed to show cause for his failure to raise the additional grounds submitted in his "2255 Supplement" as part of the original motion. These additional grounds appear to be largely unsupported or frivolous and, improperly raised, may not receive further consideration.