**UNITED STATES of America, Plaintiff,**

v.

**Donald Keith BLACKWELL, Defendant.**

**No. 94–CR–105–B.**

United States District Court,
D. Wyoming.

Oct. 17, 1996.

Patrick J. Crank, Assistant U.S. Attorney, Casper, WY, John R. Green, Assistant U.S. Attorney, Cheyenne, WY, for Plaintiff.

W. Keith Goody, Jackson, WY, for Defendant.

## ORDER

BRIMMER, District Judge.

Defendant, Donald K. Blackwell, filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court has heard oral argument and considered Defendant's motion, the government's response, the Defendant's reply, and the record in this case. The Court **FINDS** and **ORDERS** as follows:

### Background

On September 20, 1995, the grand jury for the District of Wyoming returned an indictment against Defendant, charging him with three counts of conspiracy to possess with intent to distribute and to distribute cocaine,

21 U.S.C. Section 846, and two counts of possession with intent to distribute cocaine, 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C).

On February 2, 1995, the Defendant entered a plea of guilty to the charge of conspiring to distribute eight ounces of cocaine. Based on the terms of the plea agreement, the government filed a Motion to Impose Sentence Below the Guideline Range to reflect Defendant's substantial assistance to authorities. The motion called for a three-level reduction in Defendant's offense level, which ultimately yielded a guideline sentencing range of fifteen to twenty-one months imprisonment.

On April 24, 1995, the Court held a sentencing hearing. At the hearing, the Court granted the government's Motion to Impose Sentence Below the Guideline Range and sentenced the Defendant to fifteen months imprisonment, 3 years of supervised release, a $1,500 fine, and a $50 special assessment.

On June 14, 1995, Defendant filed a Motion for Resentencing and later filed a brief supporting his motion. The Defendant alleged that three days prior to his sentencing, Defendant's co-conspirator and supplier, Shelley Cecala, pleaded guilty to distributing fifty-five ounces of cocaine and was sentenced by the United States District Court for the District of Utah to five-years probation. Defendant then argued that, in light of this information, his sentence of fifteen months imprisonment was unfair.

On June 15, 1995, the Court ordered a hearing to be held to determine whether to vacate its original sentence and resentence the Defendant. On July 5, 1995, the Court held the resentencing hearing and resentenced the Defendant to three years probation with six-months home detention, 250 hours of community service, and a $50 special assessment. The Court rested its ruling on two alternative sources of authority: (1) the Court's "inherent jurisdiction" to right injustices; and (2) Fed.R.Crim.P. 35.

On July 26, 1995, the government filed a notice of appeal, asserting that the Court lacked jurisdiction to resentence Defendant. On April 11, 1996, the United States Court of Appeals for the Tenth Circuit issued its deci-

sion in the case. The Tenth Circuit agreed with the government and held that the Court lacked jurisdiction to resentence Defendant. Therefore, the Tenth Circuit reversed and remanded to the Court with instructions to reinstate Defendant's original sentence.

On May 21, 1996, Defendant filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 that is the subject of this order.

On June 19, 1996, pursuant to the Tenth Circuit's instructions, the Court entered an order reinstating Defendant's original sentence. The Court also entered an order requiring the U.S. Attorney to file a response to Defendant's Section 2255 motion, which the U.S. Attorney filed on July 12, 1996.

### *Analysis*

### I. The Court's Jurisdiction

As an initial matter, the Court finds that it has jurisdiction to rule on this motion. A motion to vacate a sentence under Section 2255 will not lie unless the movant is "in custody" and under a "sentence" of that court. *United States v. Condit,* 621 F.2d 1096, 1098 (10th Cir.1980). Custody exists whenever conditions have been imposed "which significantly confine and restrain the movant's freedom." *Id.* Under Section 2255, probation constitutes custody. *Id.* Here, Defendant already has completed six months of home detention and been subjected to probation. Additionally, Defendant is scheduled to surrender to the U.S. Bureau of Prisons on December 9, 1996, pursuant to the fifteen month sentence of imprisonment ordered by this Court. The Court therefore finds it has jurisdiction to hear this motion.

### II. Defendant's Challenge under 28 U.S.C. Section 2255

Defendant raises five arguments in his motion as to why his sentence is invalid. These arguments are:

1. That the Court was misinformed as to the status of co-defendant Cecala's case, which is a valid ground for collateral attack under Section 2255;

2. That the misinformation supplied by the prosecution regarding the status of Cecala's case constituted a *Brady* violation;

3. That reimposing the original sentence without credit for time served will violate Defendant's double jeopardy rights; and that civil forfeiture of Defendant's two trucks also constitutes double jeopardy;

4. That Defendant did not receive effective assistance of counsel; and

5. That the disparity in the sentences between Defendant and Cecala justifies relief under Section 2255.

The Court finds that Defendant's first, fourth, and fifth arguments state valid grounds for vacating Defendant's sentence. The Court now addresses each of these arguments in turn.

## A. Misinformation Regarding the Status of Cecala's Case

Defendant argues that the original sentencing hearing was unconstitutionally tainted by the misinformation supplied to the Court by the prosecution, such that Defendant's sentence is subject to collateral attack.

The "misinformation" Defendant refers to occurred in an exchange between the Assistant U.S. Attorney and the Court during the original sentencing of Defendant on April 24, 1995. At the hearing, the Court questioned the Assistant U.S. Attorney as to the status of the Cecala case, to which the Assistant U.S. Attorney replied:

Honestly, Your Honor, I am filling in for Mr. Crank today and let me have a moment if I may. (Pause) Your Honor, I'm told that she had originally entered into a deal with the federal government in large measure due to Mr. Blackwell's assistance in coming forward and telling us what he knew about her involvement. I guess that deal is currently on the skids and we may need to go forward with trial, in which case he will be needed for testimony. At this point, I guess it's fair to tell Your Honor that it's all up in the air.

As already explained, Cecala actually had pled guilty and been sentenced to five years probation in Utah Federal District Court.[1] Defendant thus argues that because the Court sentenced the Defendant while under a misperception, the sentence should be overturned. The Court agrees.

█ For an error of fact in sentencing to provide a basis for collateral attack, it must be an error "of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." *United States v. Addonizio,* 442 U.S. 178, 185–86, 99 S.Ct. 2235, 2237, 60 L.Ed.2d 805 (1979). The error of fact in sentencing in this case is that the Court was misinformed as to the status of the Cecala case. While the Court believed that Cecala case was likely to go to trial, the truth was that Cecala, who was charged with distributing *55 ounces* of cocaine, had pled guilty and received *only* five years probation. Based on this misperception, Defendant was sentenced to fifteen months in prison for pleading guilty to attempting to distribute *8 ounces* of cocaine.

The Court finds that the inequity caused by the disparity of Defendant's sentence when compared with Cecala's sentence is manifest. Cecala was Defendant's supplier and a significant player in cocaine distribution. Defendant was a small business owner who purchased cocaine only for himself and friends. He was apprehended pursuant to a FBI investigation of Cecala. Had the Court been aware of the true status of the Cecala case, there is no doubt Defendant would have received a more lenient sentence. The Court notes that the Tenth Circuit has stated that: "[u]nder the sentencing guidelines, the policy statements, and the official commentary to the Sentencing Commission, the only disparities to be avoided are unwarranted disparities." *United States v. Garza,* 1 F.3d 1098, 1101 (10th Cir.1993). In this case, the disparity between Defendant's and Cecala's sentence is not only unwarranted, it is unjust. Consequently, the Court finds that it was under a fundamental error in fact when it originally sentenced Defendant. The Court thus finds that this fundamental error rendered the entire sentencing proceeding irregular and invalid. The Court further finds

---

**1.** It should be noted that the Wyoming U.S. Attorney's Office did not learn that Cecala had received a probationary sentence until some time well after Defendant's original sentencing.

that the only way to avoid a complete miscarriage of justice is to vacate Defendant's sentence.

## B. Ineffective Assistance of Counsel

Defendant also argues that his trial counsel was ineffective for failing to discover, prior to his sentencing hearing on April 24, 1995, the status of Cecala's case.

On October 11, 1996, the Court held an evidentiary hearing at which the Court elicited testimony from the parties involved in this case regarding Defendant's ineffective assistance of counsel argument. At this hearing, Defendant's trial counsel, W. Keith Goody, testified as to his recollection of events surrounding the April 24, 1995, sentencing hearing. Goody testified that at the time of the hearing, he believed Cecala was no longer cooperating with the government. Goody did not learn of Cecala's sentence of probation until over a week after the April 24, 1995, sentencing hearing. Goody was shocked to learn of the extremely lenient sentence given to Cecala. When asked whether Goody believed he should have contacted someone in Utah to find out the status of Cecala's case, Goody responded that although he would not have anticipated such a lenient sentence, he likely should have inquired about the status of Cecala.

Defendant Blackwell also testified at the October 11, 1996, evidentiary hearing. Defendant testified that he asked Goody to inquire about the status of Cecala approximately one week before his sentencing hearing on April 24, 1995. Defendant stated Goody never made such an inquiry. Goody testified that he did not recall Defendant ever making such a request.

■ To prevail on a claim of ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that: (1) counsel's performance was deficient; and (2) this deficiency prejudiced defendant's defense. *Id.* at 687, 104 S.Ct. at 2064; *United States v. Carr*, 80 F.3d 413, 417 (10th Cir.1996). To establish the first prong under the *Strickland* standard,

Defendant must show that "the attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases." *Carr*, 80 F.3d at 417. To establish the second prong, Defendant must show that the attorney's ineffective assistance affected the outcome of Defendant's sentencing hearing. *Id.* at 417–18.

■ In this case, the Court reluctantly finds that Goody's performance was deficient. In general, the Court feels Goody complied with the highest standards and duties of his profession in conducting Blackwell's defense. However, based on Goody's own admission that he should have contacted Utah prior to the April 24, 1995, sentencing hearing to discover the status of Cecala, the Court finds that Goody's conduct, in that regard, fell below the range of reasonable professional assistance.

The Court also finds that Defendant clearly was prejudiced by Goody's failure to inquire about the status of Cecala's case. As discussed above, Defendant would have received a lighter sentence had the Court been aware of the five year probation sentence Cecala received.

Consequently, the Court finds that Defendant received ineffective assistance of Counsel such that his sentence should be vacated. *See Frand v. United States*, 301 F.2d 102, 103 (10th Cir.1962) (Stating lack of effective assistance of counsel lays sentence open to collateral attack under Section 2255 motion).

## C. Disparity in Sentences

Defendant's final argument is that the gross disparity between the sentences of Defendant and Cecala constitutes a valid ground to vacate Defendant's sentence.

■ As a general matter, similar offenders engaged in similar conduct should be sentenced equivalently. *United States v. Massey*, 48 F.3d 1560, 1570 (10th Cir.1996); *United States v. Goddard*, 929 F.2d 546, 550 (10th Cir.1991). However, disparate sentences are allowed where the disparity is explicable by the facts on the record. *Massey*, 48 F.3d at 1570; *Goddard*, 929 F.2d at 550. A district court's decision to impose a disparate sentence is reviewed under an

abuse of discretion standard. *Massey*, 48 F.3d at 1570; *Castaldi v. United States*, 783 F.2d 119, 124–25 (8th Cir.1986) (Applying abuse of discretion standard in a writ of habeas corpus proceeding to a defendant's claim of disparate sentences). A disparity in sentences between co-defendants in itself does not constitute an abuse of discretion. *United States v. Allen*, 24 F.3d 1180, 1188 (10th Cir.1994). However, greatly disparate sentences among co-defendants combined with no explanation gives rise to an inference that the court failed to exercise its discretion. *United States v. Simpson*, 8 F.3d 546, 549 (7th Cir.1993) (citing *United States v. Ely*, 719 F.2d 902 (7th Cir.1983)).

 Applying the above standards to the facts of this case, the Court finds that the imposition of a fifteen month jail term on Defendant constitutes an abuse of discretion. As already detailed, a gross disparity exists between Defendant and the more culpable Cecala. For the Court to impose a sentence of fifteen months in jail, while Cecala only received probation, violates basic notions of fairness as well as the standards set forth by the Tenth Circuit requiring similar sentences for similarly situated individuals.

The error in this case is even more glaring because Defendant and Cecala are not similarly situated in that Cecala is the much more heavily involved and culpable defendant of the two. Thus, requiring Defendant to spend over a year in jail while Cecala walks the streets a free person constitutes a most unconscionable result. In sentencing the Defendant to 15 months in jail, the Court, of course, was unaware of the true status of Cecala's case. Thus, the Court provided no explanation that would justify such a substantial disparity between Defendant and Cecala. Moreover, no such explanation exists given the facts of this case. Consequently, because there is gross disparity between the sentences of Defendant and Cecala and there is no explanation that would justify such a disparity, the Court finds that it failed to exercise proper discretion in sentencing Defendant such that Defendant's sentence must be vacated. .

This result is supported by a number of other federal decisions. For example, in *United States v. Sardin*, 921 F.2d 1064 (10th Cir.1990), the district court had instated an 83 month upward departure against the defendant Sardin, while one fellow co-defendant received only a 15 month upward departure and the other co-defendant received only a 35 month departure for the identical conduct. The Tenth Circuit held that the disparity in sentences was "inexplicable" and reversed and remanded the case for resentencing citing the need to avoid unwarranted sentence disparities among similarly situated co-defendants. *Id.* at 1067.

Similarly, in *United States v. Shope*, 509 F.Supp. 1170 (N.D.Ohio 1981), the defendant Shope—a minor player in a counterfeiting scheme—had been sentenced to 18 months imprisonment, while the two principal defendants—the organizers of the counterfeiting scheme—had been sentenced to only one month imprisonment and thirty-five months probation. The district court judge recognized the injustice in the disparity between the sentences and consequently reduced Shope's sentence. *Id.* at 1172. *See also United States v. Hart*, 876 F.Supp. 4, 5–6 (D.D.C.1995) (stating that a "grave injustice" would be committed if no consideration was given to the disparity in sentences between the defendant and co-defendant); *United States v. McRoy*, 452 F.Supp. 598, 604 (W.D.Mo.1978) (reducing the sentence of the defendant, a minor participant in the criminal scheme, because of the disparity in sentences between the defendant and a similarly situated co-defendant).

The Court finds that the above cases are persuasive authority and support the Court's conclusion that the gross disparity in sentences between Defendant and Cecala requires the Court to vacate Defendant's sentence.

### Conclusion

For the foregoing reasons, the Court **ORDERS** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED.** The Court therefore **ORDERS** that Defendant's plea of guilty and sentence is vacated and that this matter is transferred to

United States District Judge William F. Downes.

The Court further **ORDERS** that Defendant will continue on bond based on the same terms and conditions already instated and that Defendant has 60 days from the date of this order to enter a plea before Judge Downes.

Lastly, the Court **ORDERS** that Defendant is entitled to counsel at the government's expense and that Defendant may choose whom the Court shall appoint as his counsel for the upcoming proceedings.