**UNITED STATES of America, Appellee,**

v.

**Henry Jackson OLDAKER, Appellant.**

**No. 85–5051.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 2, 1987.

Decided June 16, 1987.

---

John A. Kessler, Asst. U.S. Atty. (Wayne A. Rich, Jr., Acting U.S. Atty., R. Lynette Ranson, Asst. U.S. Atty., Charleston, W.Va., on brief), for appellee.

Before RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

SPROUSE, Circuit Judge:

Henry Jackson Oldaker appeals from the judgment of the district court entered on a jury verdict finding him guilty of one count of conspiring to commit an offense against the United States, 18 U.S.C. § 371, and seven counts of aiding and abetting the transportation of stolen vehicles in interstate commerce. 18 U.S.C. §§ 2, 2312. As part of his sentence, the court required Oldaker to pay $21,570.32 in restitution. On appeal, Oldaker raises numerous issues. He contends that the district court erred in failing to dismiss his indictment because the government violated the Interstate Agreement on Detainers (the "IAD"). 18 U.S.C. app. § 1 *et seq.* He also contends that there was not sufficient evidence to support three of his convictions for aiding and abetting the interstate transportation of stolen vehicles. Finally, Oldaker contends that the district court erred in computing the amount of restitution he was required to pay to the victims of his crimes. We reject Oldaker's contentions regarding the alleged IAD violations and the sufficiency of the evidence and affirm his convictions. We reverse that portion of the judgment relating to restitution, however, and remand to the district court for a recomputation of the amount owed by Oldaker.

In 1984, Oldaker was serving a criminal sentence in West Virginia on a state crime unrelated to the convictions now under review. While Oldaker was in state custody, a federal grand jury indicted him on May 9, 1984, for one count of conspiracy, 18 U.S.C. § 371, and two counts of aiding and abetting the interstate transportation of stolen vehicles. 18 U.S.C. §§ 2, 2312. The government lodged a detainer against him on May 22 and took him into federal custo-

William H. Wright, Jr. (Robert M. Rolfe, Hunton & Williams, Richmond, Va., on brief), for appellant.

dy on May 24. He was arraigned on May 25.

Prior to his indictment, Oldaker had entered into a proposed plea agreement with federal authorities. According to its terms, the government agreed to name Oldaker in only three counts of a federal indictment and, in return, Oldaker agreed to plead guilty to those three counts. Oldaker pleaded guilty on June 5 but, when he appeared for sentencing on August 2, 1984, he asked to withdraw his plea. The district court found no justifiable reason for the withdrawal, but nonetheless granted Oldaker's request. Two weeks later the government dismissed the indictment and returned him to the custody of West Virginia authorities.

Oldaker was reindicted by a federal grand jury on September 17, and again by a superseding indictment on December 14, 1984. The superseding indictment charged Oldaker with one count of conspiracy and nine counts of aiding and abetting in the transportation of stolen vehicles in interstate commerce. Prior to trial, Oldaker moved to dismiss the indictment, contending that the federal government violated the IAD by returning him to state custody before completing its original prosecution of him. The district court denied the motion and the case proceeded to trial. On December 21, 1984, the jury convicted Oldaker on the conspiracy charge, 18 U.S.C. § 371, and on seven of the nine counts charging him with aiding and abetting in the interstate transportation of stolen vehicles. Along with his sentence, fines and costs, the court ordered Oldaker to pay $21,570.32 in restitution under the Victim and Witness Protection Act of 1982. 18 U.S.C. §§ 3579–80.

On appeal, Oldaker argues that his indictment should have been dismissed because the federal government violated Article IV(e) of the IAD by returning him to the custody of state officials before completing its prosecution of him.[1] There is no question but that "[o]nce the Federal Government lodges a detainer against a prisoner with state prison officials, the Agreement by its express terms becomes applicable and the United States must comply with its provisions." *United States v. Mauro*, 436 U.S. 340, 361–62, 98 S.Ct. 1834, 1848, 56 L.Ed.2d 329 (1978). It is also true that the United States lodged a detainer against Oldaker on May 22, 1984, took him into federal custody two days later, and then returned him to the custody of West Virginia officials some four months later without trying him on the original indictment. Admittedly, therefore, the federal government did not follow the procedures outlined in Article IV(e). The purpose of Article IV(e), however, is "to avoid the disruptions in a prisoner's rehabilitation occasioned by repeated transfers between jurisdictions," *United States v. Ford*, 550 F.2d 732, 742 (2d Cir.1977), *aff'd sub nom.*, *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); *accord Gray v. Benson*, 608 F.2d 825, 827 (10th Cir.1979), and since this purpose is to benefit the prisoner, the prisoner may waive its protections. *Ford*, 550 F.2d at 742.

■ Here, Oldaker agreed to the terms of a proposed plea agreement some two months before he was indicted. Once in federal custody, he pleaded guilty as contemplated by the plea agreement, but then withdrew his plea without any legally cognizable reason. These circumstances provided ample justification for the government to dismiss the original indictment and seek a new one. In fact, Oldaker's actions were tantamount to inviting that procedure, as well as inviting the federal government to return him to state custody until the government adjusted its case to the changed circumstances caused by Oldaker's unexpected and unjustified withdrawal. As the Fifth Circuit said in *United States v. Boggs*, 612 F.2d 991, 993 (5th Cir.), *cert. denied*, 449 U.S. 857, 101 S.Ct.

---

**1.** Article IV(e) provides:

If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. app. § 2, art. IV(e).

156, 66 L.Ed.2d 72 (1980), a prisoner "cannot by his own action manufacture a violation of the [IAD] and then seek relief under it." In short, we agree with the government that Oldaker waived this protective provision of the IAD by voluntarily initiating action that had the foreseeable effect of returning him to state custody.

Oldaker also argues that the federal government violated Article IV(c) of the IAD by failing to try him within 120 days after he withdrew his guilty plea on August 2, 1984.[2] There might be a question as to when the 120–day period described in Article IV(c) began to run, but we need not consider it. Oldaker failed to raise this issue prior to or during trial. We agree with the Sixth Circuit's holding in *United States v. Eaddy,* 595 F.2d 341, 346 (6th Cir.1979), that "prisoner rights created by the [IAD] are waived by forfeiture or default if not raised prior to or during trial." There is no reason why this principle should not be applied to the 120–day provision of Article IV(c)[3] and, since Oldaker failed to raise the issue, we will not consider it for the first time on appeal.

Oldaker next argues that there was not sufficient evidence to support the jury's guilty verdict on three of the substantive counts charging him with aiding and abetting the interstate transportation of stolen vehicles. Our review of the evidence convinces us that these contentions are not of sufficient merit to warrant discussion.

■ Finally, Oldaker argues that the trial court erred in computing the amount of restitution he must pay to the victims of his crimes. We agree. It is true that under the Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3579–80, district courts have "broad powers to make victims whole." *United States v. Ferrera,* 746 F.2d 908, 913 (1st Cir.1984).[4] It is also true, however, that the Act "app[lies] only to offenses occurring after January 1, 1983." *United States v. Forzese,* 756 F.2d 217, 222 (1st Cir.1985).

Oldaker was convicted of transporting seven stolen vehicles, six of them between January 1982 and May 1982. The seventh vehicle, a 1979 Ford pick-up truck, was illegally transported after January 1, 1983. He was also convicted of conspiring to transport stolen vehicles. The only part of the conspiracy extending past January 1, 1983, however, was the overt act of transporting the 1979 Ford pick-up truck.

In *United States v. Martin,* 788 F.2d 184 (3d Cir.1986), the Third Circuit was faced with a similar question. *Martin* involved a mail fraud scheme that occurred both before and after January 1, 1983. The court reasoned that "while a scheme to defraud furthered by separate mailings may properly be viewed as one unitary offense, the losses which resulted therefrom must be separately identified as those which occurred before and those which occurred after January 1, 1983 for purposes of restitution under the Victim and Witness Protection Act." *Id.* at 189. We agree. Although conspiracy is commonly viewed as an ongoing offense, the losses suffered by Oldaker's victims after January 1, 1983, are the only ones compensable under the Act. The district court's computation of the $21,570.32 amount obviously included the losses inflicted throughout the entire period of the conspiracy. Consequently,

---

**2.** Article IV(c) provides: "[i]n respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving state...." 18 U.S.C. app. § 2, art. IV(c).

**3.** For example, in *United States v. Odom,* 674 F.2d 228, 230 (4th Cir.), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2946, 73 L.Ed.2d 1341 (1982), we

stated that this provision was not jurisdictional and could therefore be waived by the defendant.

**4.** The Act provides that "the [district] court, when sentencing a defendant convicted of an offense under [Title 18] ... may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of the offense." 18 U.S.C. § 3579(a)(1).

we remand the case with instructions to impose restitution only for the loss resulting from the theft of the 1979 Ford pick-up truck.

In view of the above, we affirm Oldaker's convictions, but reverse the district court's restitution award and remand with instructions to compute a new restitution amount consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.