865 F.2d 1261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Owen Franklin SILVIOUS, Defendant-Appellant.
 No. 88-6834.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 9, 1988.
Decided: Jan. 10, 1989.
 
 Owen Franklin Silvious, appellant pro se.
 Jean B. Weld (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, K.K. HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Owen Franklin Silvious appeals from the order of the district court denying his motions for approval of an installment plan for payment of restitution and fine after his release. The district court denied the motions noting that granting them would be untimely. We conclude that the district court properly denied the motions and affirm.
 
 
 2
 In his informal brief filed in this appeal, Silvious raises a number of claims and alleged district court errors which he has never presented to the district court in proper form. Silvious raised similar issues in a previous appeal. United States v. Silvious, No. 88-7033 (4th Cir. Nov. 18, 1988) (unpublished). In No. 88-7033 we noted that the claims were of a kind more typically brought in a motion for postconviction relief pursuant to 28 U.S.C. Sec. 2255. We noted there, as we observe here, that none of those arguments and allegations had been presented to the district court in proper form. We declined in No. 88-7033 to consider them in the first instance. We do likewise in this appeal.
 
 
 3
 We note that among the issues raised in No. 88-7033, and in this appeal, are whether the restitution order violated 18 U.S.C. Secs. 3579 and 3580, and United States v. Bruchey, 810 F.2d 456 (4th Cir.1987); and whether restitution was wrongly ordered for offenses occurring prior to the effective date of the Victim and Witness Protection Act of 1982. See United States v. Oldaker, 823 F.2d 778 (4th Cir.1987). Without expressing an opinion on the merits of those claims we observe that it is preferable that the validity of the restitution order be determined prior to considering the schedule for its repayment. The issue of the validity of the restitution order is more properly left to the district court in the first instance.
 
 
 4
 In any event, Silvious has not shown a jurisdictional basis for the district court's consideration of his motions for approval of payment plans for his restitution and fine. A district court is without power to issue an order affecting its judgment absent an express statutory grant of authority. United States v. Regan, 503 F.2d 234, 238 (8th Cir.1974), cert. denied, 420 U.S. 1006 (1975). The motions clearly could not be construed to be pursuant to Fed.R.Crim.P. 35, for correction of a sentence imposed in an illegal manner, or for a reduction of sentence, because the motions were filed well outside the 120-day period necessary to confer jurisdiction on the district court. Nor could the motions be considered to be pursuant to the provision of Rule 35(a) which permits an illegal sentence to be corrected at any time, because the offenses for which Silvious pled guilty permitted restitution and imposition of a fine.
 
 
 5
 Although 18 U.S.C. Sec. 3593 permits a petition for modification or remission of a fine to be brought at any time, we do not construe Silvious's motion regarding his fine to be pursuant to that statute. There is nothing in the record before the Court to indicate that Silvious has complied with the procedural requirements of Sec. 3593.
 
 
 6
 Accordingly, the district court's order denying the motions for approval of a payment plan for the restitution and fine is affirmed.* Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Nothing is this opinion should be construed to preclude Silvious from filing, in the district court, a proper petition for modification of his fine under 18 U.S.C. Sec. 3593