**UNITED STATES, Appellee,**

v.

**Francis M. WALLEN, a/k/a Frank Wallen, Defendant, Appellant.**

**No. 88–1155.**

United States Court of Appeals, First Circuit.

Submitted Sept. 18, 1991.

Decided Dec. 31, 1991.

Francis M. Wallen, on brief, pro se.

Wayne A. Budd, U.S. Atty., and Michael J. Tuteur, Asst. U.S. Atty., Boston, Mass., on brief, for appellee.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

PER CURIAM.

This criminal appeal involves charges that defendant Francis Wallen, while serving as a municipal official in Brockton, Massachusetts, engaged in a pattern of bribery, fraud and obstruction of justice over a span of fifteen years. An indictment returned in May 1987 alleged that defendant, in his capacity first as Superintendent of the Sewer Department and then as Commissioner of the Department of Public Works (DPW), received gratuities

---

and cash payments from local contractors in return for the award of construction jobs in Brockton. It further charged that defendant thereafter endeavored to impede state and federal investigations into his activities. On December 23, 1987, a jury convicted defendant on all six counts charged: racketeering (18 U.S.C. § 1962(c) (RICO)); conspiracy to engage in racketeering (*id.* § 1962(d)); conspiracy to defraud the United States (*id.* § 371); obstruction of justice (*id.* § 1503); and two counts of filing a false tax return (26 U.S.C. § 7206(1)). Defendant now appeals pro se,[1] raising seven assignments of error. We find each of his arguments to be without merit, and therefore affirm.

[As the analysis of the first six issues raised on appeal "does not articulate a new rule of law, modify an established rule, apply an established rule to novel facts or serve otherwise as a significant guide to future litigants," Loc.R. 36.2(a), that discussion (which appears on pp. 2–25 of the opinion) has been issued in unpublished form.]

7. *Restitution*

■ Defendant's remaining challenge concerns the order of restitution imposed by the court as part of his sentence. Until 1983, a court could order restitution only as a condition of probation. *See* 18 U.S.C. § 3651 (repealed). By means of the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. §§ 3663–64, which took effect January 1, 1983, Congress broadened the law "by authorizing an order of restitution independent of a condition of probation, thereby permitting its use in conjunction with imprisonment, fine, suspended sentence, or other sentence imposed by the court." S.Rep. No. 532, 97th Cong.,

2d Sess. 32 (1982), *reprinted in* 1982 U.S.Code Cong. & Admin.News 2515, 2538. The district court here not only imposed a prison term and fine, but also ordered defendant under the VWPA to make restitution to the city of Brockton in the amount of $38,707. Defendant now argues that reliance on the VWPA was improper. He points out that all but one of the predicate acts set forth in the RICO counts (including all of the bribery allegations) preceded the statute's effective date. And he asserts that the one exception—the final predicate involving obstruction of justice—caused no monetary loss. Applying the VWPA under these circumstances, he claims, violates both the Ex Post Facto clause and the statute itself. Assuming they are properly before us,[2] we find these arguments unpersuasive.

We first observe that both of defendant's RICO offenses continued well past January 1, 1983.[3] His substantive racketeering activity, as manifested by the predicate acts, continued until at least 1986. *See, e.g., United States v. Moscony,* 927 F.2d 742, 755 (3d Cir.) (predicate acts of obstruction of justice, "being designed to cover up the illegal affairs of the enterprise, were part and parcel of [the] racketeering activity"), *cert. denied,* —— U.S. ——, 111 S.Ct. 2812, 115 L.Ed.2d 984 (1991). And his conspiracy to engage in racketeering activity lasted at least through the date of the indictment. *See, e.g., United States v. Torres Lopez,* 851 F.2d 520, 525 (1st Cir.1988) ("a RICO conspiracy ... continues as long as its purposes have neither been abandoned nor accomplished"), *cert. denied,* 489 U.S. 1021, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989). Both crimes therefore involved "continuing offenses," *see Moscony,* 927 F.2d at 754 (substantive RICO "is a continuing offense

---

1. Consideration of this appeal has been delayed by a protracted dispute concerning defendant's application to proceed *in forma pauperis.*

2. The record before us contains no indication that these contentions were raised in the district court. Indeed, defendant himself was the one who proposed the figure of $38,707, acknowledging that it was supported by the evidence and the verdict. Given this fact, we find the additional challenge lodged by defendant to the

restitution order—that it was not tied to the actual losses sustained—to be unfathomable.

3. Two of the other four charges of which defendant was convicted—conspiracy to defraud the United States and obstruction of justice—also occurred (or continued to occur) past the VWPA's effective date. However, because the order of restitution obviously pertained to the acts of bribery set forth as predicate acts of racketeering, we focus on the RICO counts.

directly analogous to the crime of conspiracy") (quotation omitted), which commenced prior to, but persisted beyond, the VWPA's effective date.

The manner in which the VWPA is to be applied to ongoing offenses that straddle its effective date has occasioned a split among the circuits. Three circuits have held that restitution cannot be imposed for losses occurring before January 1, 1983. *See United States v. Corn*, 836 F.2d 889, 895–96 (5th Cir.1988) (restitution only for losses resulting from acts committed on or after that date); *United States v. Oldaker*, 823 F.2d 778, 781–82 (4th Cir.1987) (restitution only for losses suffered on or after that date); *United States v. Martin*, 788 F.2d 184, 187–89 (3d Cir.1986) (same). Four others have ruled that restitution is appropriate for all losses resulting from a continuing offense, even those suffered prior to January 1, 1983. *See United States v. Bortnovsky*, 879 F.2d 30, 42–43 (2d Cir. 1989); *United States v. Angelica*, 859 F.2d 1390, 1392–93 (9th Cir.1988); *United States v. Purther*, 823 F.2d 965, 967–68 (6th Cir. 1987); *United States v. Barnette*, 800 F.2d 1558, 1570–71 (11th Cir.1986), *cert. denied*, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987).[4] We align ourselves here with the latter group.

Of the three circuits adopting the more stringent view, the Fifth Circuit in *Corn* felt its interpretation of the statute was necessitated by the Ex Post Facto clause. 836 F.2d at 895–96. And the Fourth Circuit has since suggested that such concerns contributed to its ruling in *Oldaker*.[5] In the instant case, given the ongoing nature of the RICO violations, we find no constitutional obstacles to the restitution that was ordered. It is well-established that a statute increasing a penalty with respect to a continuing offense which commenced prior to, but continued beyond, the effective date of the statute does not violate the Ex Post Facto clause. *See, e.g., United States v. David*, 940 F.2d 722, 740, 741 (1st Cir.) (continuing criminal enterprise), *cert. denied*, —— U.S. ——, 112 S.Ct. 605, 116 L.Ed.2d 628 (1991); *United States v. Cusack*, 901 F.2d 29, 32 (4th Cir.1990) (substantive RICO offense); *United States v. Giry*, 818 F.2d 120, 135 (1st Cir.) (conspiracy), *cert. denied*, 484 U.S. 855, 108 S.Ct. 162, 98 L.Ed.2d 116 (1987).

 Finding no constitutional impediment, we likewise reject defendant's statutory argument. The VWPA provides for restitution to victims of the "offense." 18 U.S.C. § 3663(a)(1); *see, e.g., United States v. Forzese*, 756 F.2d 217, 222 (1st Cir.1985) (statute applies to "*offenses* occurring after January 1, 1983")[6] (emphasis added); *accord Purther*, 823 F.2d at 968; *United States v. Ferrera*, 746 F.2d 908, 913 (1st Cir.1984); *cf. Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (restitution authorized under VWPA to compensate victims only for losses caused by conduct underlying offense of conviction, not for losses related to other alleged offenses). Here, the offenses of which defendant was convicted included the two RICO violations. We agree with the Second Circuit's observations in this regard: "Although it may encompass a num-

---

**4.** *Bortnovsky* was reaffirmed in *United States v. Gelb*, 944 F.2d 52, 55–56 (2d Cir.1991), as was *Angelica* in *United States v. Smith*, 944 F.2d 618, 621 (9th Cir.1991).

**5.** In *United States v. Sheffer*, 896 F.2d 842 (4th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 112, 112 L.Ed.2d 82 (1990), in the course of rejecting an Ex Post Facto challenge to consideration by the sentencing judge of drugs distributed prior to the effective date of the Sentencing Guidelines, the court distinguished its holding in *Oldaker* by observing: "Unlike victim restitution payments, ... a drug conspiracy is one unity [sic] offense whereas the losses for which victims are to receive restitution must be, by necessity, separately identified." *Id.* at 845.

**6.** We note that the language setting forth the effective date of the VWPA—that it "shall apply with respect to offenses occurring on or after January 1, 1983," Pub.L. No. 97–291, § 9(b)(2), 96 Stat. 1248 (1982)—is similar to that describing the effective date of the Sentencing Guidelines. *See* Pub.L. No. 100–182, § 2(a), 101 Stat. 1266 (1987) (Guidelines shall "apply only to offenses committed after" November 1, 1987). Courts have unanimously held that the Guidelines apply to offenses that commenced before, but continued after, that date. *See, e.g., David*, 940 F.2d at 740; *United States v. Fazio*, 914 F.2d 950, 959 n. 14 (7th Cir.1990) (collecting cases).

ber of underlying acts, a RICO conviction is a conviction for a single offense. Consequently, restitution can be awarded for all losses arising from the offense and its component parts." *United States v. Gelb*, 944 F.2d 52, 56 (2d Cir.1991). "A contrary ruling would improperly treat the predicate acts, rather than the RICO counts, as the offenses for which [defendant was] being sentenced." *Bortnovsky*, 879 F.2d at 42. We therefore view the order of restitution as proper.

*Affirmed.*