974 F.2d 1329
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Robert E. STARCK, Defendant, Appellant.
United States, Appellee,
v.
Nathaniel M. Mendell, Defendant, Appellant.
 Nos. 92-1791, 92-1792.
 United States Court of Appeals,
First Circuit.
 September 4, 1992
 
 Appeals from the United States District Court for the District of Massachusetts
 Richard C. Driscoll, Jr. on Memorandum in Support of Motions for Release on Bail Pending Appeal.
 A. John Pappalardo, United States Attorney, and Mark J. Balthazard, Special Assistant United States Attorney, on Memorandum in Opposition to Motions for Release on Bail Pending Appeal.
 D.Mass.
 DENIED.
 Before Torruella, Cyr, and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendants Robert Starck and Nathaniel Mendell move for release pending appeal of their criminal convictions. For the following reasons, the motions are denied.
 
 I.
 
 2
 The indictment charged Starck and Mendell with fraud in connection with their attempt to convert a Cape Cod motel which they owned into a time-share facility. In particular, it alleged that they (along with a third codefendant) made false representations in order to induce persons to buy time-share leases. Two basic misrepresentations were alleged to have been made: (1) that the motel, Village Green by the Sea, was affiliated with a time-share exchange company, Resort Condominiums International, Inc. (RCI), an arrangement that would permit purchasers to trade their time at Village Green for that at other resorts throughout the world; and (2) that Village Green was financially viable and would be available for use for 99 years. Following a five-week trial, Starck was convicted of fourteen counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of inducing interstate transportation to obtain property by fraud, in violation of 18 U.S.C. § 2314. Mendell was convicted of ten counts of mail fraud. The defendants were sentenced to concurrent terms of 27 months incarceration as to each count.
 
 
 3
 Having been released on bail pending trial and sentencing, Starck and Mendell were ordered to report to prison on July 14, 1992. On July 8, they filed applications below for release pending appeal, which the district court denied on July 10. They then filed motions in this court seeking (1) release pending appeal and (2) immediate release pending decision on the underlying bail motions. On July 13, we denied the motions for immediate release, and ordered that memoranda be submitted on an expedited basis regarding the underlying motions. In addition to the parties' memoranda, we now have the benefit of the trial transcript.
 
 II.
 
 4
 The district court found, and the government does not dispute, that neither defendant is likely to flee or pose a danger to the safety of any other person or the community. The sole question is thus whether defendants have established, pursuant to 18 U.S.C. § 3143(b)(1)(B), that their appeals raise a substantial question of law or fact likely to result in (1) reversal, (2) an order for a new trial, (3) a sentence that does not include a term of imprisonment, or (4) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. A "substantial" question in this context is one that is close or could very well be decided the other way. United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985). As they did below, defendants identify three general issues that are alleged to be "substantial."[1] We agree with the district court that none of these satisfies the Bayko standard.
 
 1. Sufficiency of the Evidence
 
 5
 The first issue involves the sufficiency of the evidence. Their challenge in this regard is directed, not to any specific count(s), but rather to the alleged scheme underlying the indictment as a whole. They claim, in particular, that the evidence was inadequate to show that they (1) made any false statements to prospective buyers, (2) otherwise had any intent to defraud, or (3) ever "devised" a scheme to defraud within the meaning of 18 U.S.C. § 1341.[2] Based on a preliminary review of the record, we find these assertions unpersuasive.
 
 
 6
 "A denial of a motion for judgment of acquittal based on the insufficiency of the evidence is subject to deferential review." United States v. Lopez, 944 F.2d 33, 39 (1st Cir. 1991).
 
 
 7
 We assess the sufficiency of the evidence as a whole, including all reasonable inferences, in the light most favorable to the verdict, with a view to whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. We do not weigh witness credibility, but resolve all credibility issues in favor of the verdict. The evidence may be entirely circumstantial and need not exclude every reasonable hypothesis of innocence; that is, the factfinder may decide among reasonable interpretations of the evidence.
 
 
 8
 United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1991) (citations omitted). We have examined the arguments made by defendants in their motion papers together with pertinent portions of the transcript. It would not serve any useful purpose to recite the evidence at this time but, without prejudice to the defendants' appeals on the merits, we are unable to say at this preliminary stage that a substantial issue is presented by defendants' claims that they lacked knowledge of the misrepresentations or lacked fraudulent intent.
 
 
 9
 Finally, defendants' further suggestion that the elements of 18 U. S.C. § 1341 were not established appears equally insubstantial. "The government need not prove that the defendant devised the fraudulent scheme; but it must prove 'willful participation in the scheme with knowledge of its fraudulent nature and with intent that these illicit objectives be achieved.' " United States v. Serrano, 870 F.2d 1, 6 (1st Cir. 1989) (quoting United States v. Price, 623 F.2d 587, 591 (9th Cir.), cert. denied, 449 U.S. 1016 (1980)). Based on our own preliminary assessment, there is adequate evidence that the defendants were willful participants in the alleged fraudulent scheme.
 
 
 10
 2. Applicability of the Sentencing Guidelines
 
 
 11
 Defendants next contend that the sentencing guidelines should not apply to their offenses. Noting that the purchase and sale agreement for Village Green was signed in October 1987, they argue that the alleged scheme to defraud necessarily began prior to the effective date of the guidelines (November 1, 1987). This argument overlooks the fact that the scheme charged in the indictment is alleged to have begun "sometime in March 1988" (shortly before the closing on the sale). In any event, it is clear that the guidelines apply to "straddle" offenses that commenced before, but continued after, November 1, 1987. See, e.g., United States v. Wallen, 953 F.2d 3, 5 n.6 (1st Cir. 1991) (per curiam); United States v. Fazio, 914 F.2d 950, 959 n.14 (7th Cir. 1990) (collecting cases). We perceive no substantial issue in this regard.
 
 3. Application of the Sentencing Guidelines
 
 12
 Finally, defendants raise two issues concerning the application of the guidelines to their cases.[3] First, they challenge the district court's findings concerning their roles in the offense. At sentencing, the court found that both defendants were "organizers or leaders" of the alleged scheme to defraud, and consequently increased their offense levels by four levels under U.S.S.G. § 3B1.1(a). At a second hearing two days later, the court reconsidered this finding. It took note of evidence that defendants approached the project with "initial good faith," that they resorted to fraud only after getting "trapped in a losing scheme," and that the project "started off as an entrepreneurial matter ... and then turned into an extensive fraud." Accordingly, the court found that defendants were not organizers or leaders but rather "managers or supervisors," and thus were subject to a three (rather than four) level increase under § 3B1.1(b). Defendants challenge this finding, claiming that they were entitled to a four-level reduction in their offense level under § 3B1.2(a) due to their "minimal" role in the scheme. Such a seven-level swing, they observe, would produce sentences of probation.
 
 
 13
 We see no substantial issue in this regard. The district court's role-in-the-offense determination is reviewed only for clear error. See, e.g., United States v. Panet-Collazo, 960 F.2d 256, 261 (1st Cir. 1992); United States v. Ocasio, 914 F.2d 330, 333 (1st Cir. 1990). Given that defendants were the owners of Village Green, with the ultimate authority to direct the sales program, and based on our preliminary review of the evidence, we think it unlikely that the district court clearly erred in this regard. And defendants' suggestion in particular that they were entitled to a four-point downward adjustment as "minimal" participants would seem to fly in the face of the record. Such an adjustment "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, commentary (n.1), and is meant to "be used infrequently," id. (n.2).
 
 
 14
 Defendants' second argument in this regard relies on the statutory directive that the guidelines should "reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense...." 28 U.S.C. § 994(j). They contend that the offense levels enumerated in § 2F1.1 for crimes involving fraud and deceit contravene this mandate. And they argue that, as a result, they were entitled to a downward departure and to sentences of probation. Yet their description of the offenses here as not "serious" would seem a dubious one. In any event, a discretionary decision not to depart downward from the guidelines' sentencing range ordinarily presents no appealable issue. See, e.g., United States v. Harotunian, 920 F.2d 1040, 1044 (1st Cir. 1990). Defendants have offered no reason why this jurisdictional bar would not apply here. Accordingly, this issue would appear less than substantial as well.
 
 
 15
 The motions of Robert Starck and Nathaniel Mendell for release on bail pending appeal are denied.
 
 
 
 [1]
 Each of the arguments advanced is applicable to both Starck and Mendell (who are represented by the same attorney on appeal)
 
 
 [2]
 18 U.S.C. § 1341 provides in pertinent part:
 Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, ... for the purpose of executing such scheme or artifice or attempting to do so, places in any post office ... any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail ... any such matter or thing, [shall be guilty of a crime].
 
 
 [3]
 In the district court, defendants also apparently argued that (1) they were entitled to a two-level reduction for acceptance of responsibility, and (2) they should not havereceived a two-level increase for obstruction of justice. Neither of these contentions has been pursued in the motions before us